UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEANDRO QUINONES,           :
        Petitioner,        :
        -vs-               :   Crim. No. 91cr10176 ADM
UNITED STATES OF AMERICA,   :
        Respondent.        :

MAGISTRATE JUDGE Dein

04 12368 RGS

MOTION TO VACATE SENTENCE
PURSUANT TO TITLE 28 U.S.C., §2255

    COMES NOW, Leandro Quinones, pro se, and hereby moves this Honorable Court to enter an order vacating Petitioner's sentence in the above numbered case.

    On June 2, 2000, this Court denied Petitioner's motion pursuant to §2255. Such a denial was because, as this Court determined, Petitioner's motion was untimely. Accordingly, the motion was not decided on its merits.

    This in essence means that Petitioner has techinically not filed a motion under section 2255. See Ching v. United States, 298 F.3d 174, 178(2nd Cir. 2002). In Ching the Second Circuit pointed out that under Slack v. McDaniel, 529 U.S. 473(2000), "the Supreme Court held that a habeas corpus petition 'filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not second or successive." Because of the holding in McDaniel, the Second Circuit concluded that whenever a case is dismissed not on the merits, and its appeal is pending, then any susequent motion that Petitioner files would not be considered a second or successive.

-1-

This case is a mirror image of what the <u>Ching</u> court encountered. Here, though Petitioner wishes to raise a claim under 28 U.S.C., §2255(4)(A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--- (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.) This is so because as it stands now, Petitioner has not filed or concluded a first section 2255 which is decided on the merits. And the claim he raises herein is supported by a fact that just came to his knowledge (since his case became final.)

Through a letter to Petitioner's trial counsel, there is now new information that Petitioner was offered a twenty year plea deal which counsel never told him about during the trial. Nor did anyone communicate this information to Petitioner all along until recently (2004).

Based on the language of section 2255(4), as quoted above, Petitioner's recent filing is timely, in that he had one year from the time the information came to him to file the claim. As such, he actually now has until 2005 in which to file this claim. Further, Petitioner wishes to point out that this sort of information is not the type that he would have known to pursue under due diligence.

CLAIM:  TRIAL COUNSEL WAS INEFFECTIVE IN COMPLETELY FAILING TO APPRISE PETITIONER OF THE EXISTENCE OF THE TWENTY-YEAR PLEA DEAL THAT EXISTED IN THE CASE.

To be effective in defending a criminal defendant, counsel must make available all options in an attempt to resolve his or her client's criminal problems. This includes discussing any possibility of

pleading guilty, whether or not the defendant believs he is guilty or innocent. The Supreme Court has recognized that in some cases, while a defendant might actually be innocent, the government's evidence against him is so starked that proceeding to trial against those odds would amount to suicide. In such cases, counsel is supposed to advise, but not force, a guilty plea. It would then be upto the defendant to consider whether to accept or reject the plea. Of course, the details of any such plea must be disclosed to the defendant. See United States v. Cronic, 80 L.Ed 2d 657(1984).

In this case, it is obvious, based on Petitioner's correspondence with counsel in February of 2004, that counsel waited all this time to let the Petitioner know of the existence of the twenty-year plea offer. Courts have found ineffective assistance of counsel where counsel failed to communicate a plea offer. See United States v. Blaylock, 20 F.3d 1458(9th Cir. 1994)(it is ineffective assistance of counsel to fail to communicate to a client a plea offer. The appropriate remedy is to reinstate the plea and allow the defendant to accept it if he so desires.) See also Borea v. Keane, 99 F.3d 492(2nd Cir. 1996)(Trial counsel was ineffective in failing to advise the defendant that it was in his best interest to enter a guilty plea.)

Accordingly, counsel was ineffective in failing to apprise this Petitioner that a plea of twenty years existed which he would have considered. Furthermore, Petitioner posits that had he been told of the plea offer, there were reasons he would have considered and accepted it. He was aware of what he faced, and in comparison with

-3-

the existing plea offer, he would not have taken the case to trial. And Petitioner's family would have urged him to take the plea had they known that it existed.

Petitioner believes that he should be allowed to accept the then existing twenty-year plea offer as a remedy for counsel's malfeasance. Alternatively, an evidentiary hearing should be ordered.

## AFFIRMATION

Petitioner affirms under penalty of perjury that **all** the facts averred in this motion have been made knowing same to be true and correct pursuant to 28 U.S.C., §1746.

Respectfully Submitted:

*Leandro Quinones*
Leandro Quinones, Pro Se
Petitioner

Certificate of Service

I certify that a true and correct
copy of the within motion has been
sent to the following:

United States Attorney's Office
1009 J.W. McCormack Poch
Boston, MA 02109

Dated: 18 day of February, 2004.

-4-